(Pleito No. 91.—Fallado el 28 de Septiembre de 1900.)

## Colonial Company contra El Registrador de la Propiedad.

Solicitud de un *Mandamus*.

1.—Poder. Para autorizar á un apoderado para vender bienes inmuebles se necesita que el poder contenga cláusula expresa facultándole para otorgar y entregar ó aceptar la escritura.

2.—Inscripción.—Cuando no resultare de la documentación que el otorgante tiene derecho á la propiedad ó está autorizado por la ley ó por acuerdo de una compañía, para vender, está justificado el Registrador en negarse á inscribir la escritura.

Puerto Rico, veinte y ocho de Septiembre de mil novecientos.—Visto el presente recurso gubernativo interpuesto por el Lcdo. Don Hilario Cuevillas y Hernández como representante de la Compañía Colonial Limitada, de Lon-

dres, en liquidación, contra la negativa del Registrador de la Propiedad de esta Capital á inscribir una escritura sobre traspaso de dos fincas rústicas y dos créditos hipotecarios.—Resultando: Que por documento público otorgado en Londres en diez y seis de Octubre de mil ochocientos noventa y nueve, ante el Notario de la misma Ciudad Mr. George Frederick Warren y testigos que lo suscriben á su final, Mr. Edwin Waterhouse en su carácter de liquidador de la extinguida Compañía Colonial Limitada, de Londres, después de declarar que la referida Compañía había sido constituída en estado de liquidación y nombrado él liquidador de la misma por acuerdo de la Junta general de socios celebrada en la expresada ciudad en once de Mayo de mil ochocientos noventa y siete, como lo acreditó con copia del referido acuerdo certificada por el Registrador de las compañías en comandita ó anónimas de Inglaterra, que agregó el Notario y obra inserta al final de dicho documento; que á la expresada Compañía correspondía en propiedad y estaba en posesión en esta Isla de dos fincas rústicas denominadas "Las Mercedes" y "Santa Catalina," radicadas ambas en el término municipal de Loiza, y dos créditos hipotecarios el uno contra la sociedad titulada "The Canóvanas Sugar Factory Limited," por valor de ciento sesenta y siete mil libras esterlinas, once chelines y once peniques, por capital é intereses liquidados al seis por ciento anual hasta el treinta de Septiembre de mil ochocientos noventa y ocho, con hipoteca sobre la Factoría Central de Canóvanas, radicada también en el término municipal de Loiza, y el otro contra Don Wenceslao Borda y Rueda, por cuatro mil seiscientos noventa libras esterlinas, un chelin, nueve peniques, por capital é intereses liquidados también hasta la misma fecha con igual garantía sobre la hacienda "Esperanza," radicada en el barrio de "Punta y Boca", del término municipal de Manatí, y que siendo necesario proceder, bien fuera judicial ó extrajudicial, para que esas propiedades y créditos pudieran ser traspasadas legalmente á la New Colonial Company Limited de Lon-

dres y para poner á ésta en posesión de los mismos, de igual manera como eran poseídos por la extinguida Compañía Colonial, el referido Mr. Edwin Waterhouse en su carácter expresado de liquidador de la referida Compañía confería el poder más amplio y eficaz que fuera necesario á Mr. Richard Silerrad Brown, Ingeniero y residente en la Factoría de Canóvanas y vecino de esta Isla, para que pudiera ejecutar todos los actos judiciales como extrajudiciales y autorizar todos los documentos que fueran necesarios para el cumplimiento del objeto antes expresado, autorizándole además para entablar demandas y practicar toda clase de gestiones judiciales en caso de que le fuere necesario acudir á los Tribunales de Justicia y para sustituir en todo ó en parte, aunque bajo su responsabilidad, el expresado poder, que legalizado por el Cónsul de los Estados Unidos en Londres y traducido por el Intérprete de esta Suprema Corte de Justicia, obra inserto al final de la escritura de que se trata en el presente recurso.—Resultando : Que por otra escritura de poder otorgada también en Londres, el diez y nueve de Octubre de mil ochocientos noventa y nueve, ante el mismo Notario Mr. George Frederick Warren y testigos que en ella se expresan, Sres. Neirle Lubbeck, Edward Packard, menor, y Benjamín Brown, los dos primeros Directores y el último Secretario de la "New Colonial Company Limited," establecida en la misma ciudad de Londres, como sucesora de la precedente "Colonial Company Limited," en liquidación, y debidamente incorporada con arreglo á las leyes del Reino Unido en veinte y tres de Julio de mil ochocientos noventa y siete, como aparecía de la copia oficial certificada por el Registrador de las sociedades en comandita que exhibieron en el acto de otorgamiento y agregó el Notario al final de la escritura, los comparecientes en su carácter expresado de Directores y Secretario respectivamente de la expresada sociedad "New Colonial Company Limited," en cumplimiento de un acuerdo tomado por la Junta de Directores de la misma por el que se les autorizó

expresamente para otorgar el expresado documento de lo que también certifica el Notario, confirieron el más amplio y cumplido poder que fuera necesario á Mr. William Shand Marr, Administrador de la Central de Canóvanas, de esta Isla, y residente en la misma, para que en nombre y representación de la "New Colonial Company Limited" recibiera de la extinguida Compañía Colonial y de su liquidador, ó su apoderado en esta Isla, las propiedades é hipotecas que dicha compañía poseía en la misma, á cuyo fin pudiera ejecutar todos sus actos así judiciales como extrajudiciales que fueran necesarios ó conducentes á la realización del objeto expresado, con las demás facultades que se detallan más extensamente en el mencionado documento el que, legalizado asimismo por el Cónsul de los Estados Unidos en Londres y traducido por el Intérprete de esta Suprema Corte de Justicia, obra también inserto al final de la escritura de que se trata.—Resultando: Que en catorce de Abril último, haciendo uso Mr. Richard Brown y Mr. William Shand Marr de los poderes que les habían conferido respectivamente el liquidador de la Campañía Colonial, los representantes de la New Colonial Company otorgaron en esta Capital ante el Notario de la misma Don Santiago Rosendo Palmer é Irizarry, como sustituto del de igual clase y vecindad Don Mauricio Guerra Mondragón y Megías, la escritura pública que ha dado lugar al presente recurso por la que, después de reseñarse extensamente los bienes inmuebles y créditos hipotecarios que á la primera de dichas sociedades correspondían en esta Isla, los mismos exactamente de que se había hecho mención en el poder extractado en el primer resultando, se declara que la primera de las referidas sociedades había convenido en traspasar á la segunda la propiedad de todos los bienes y créditos expresados en la misma, y en su consecuencia llevando á debido efecto dicho convenio, la Colonial Company Limited en liquidación traspasaba á la New Colonial Company Limited, de Londres, la propiedad de todas las fincas y créditos reseñados

en la expresada escritura, por el precio y cantidad que en la misma se especifica y asigna á cada uno y que en conjunto había recibido la sociedad cedente de la cesionaria antes de aquel acto y á su satisfacción en la forma convenida entre ambas, declarando además el representante de la "New Colonial Company Limited," que aceptaba dicha escritura en todas sus partes por hallarla ajustada á lo convenido, dándose por posesionado de las fincas y por entregado de los títulos y demás papeles concernientes á los créditos objeto del referido contrato.—Resultando: Que presentada dicha escritura al Registrador de la Propiedad de Arecibo para su inscripción en lo relativo á la cesión del crédito hipotecario sobre la hacienda "Esperanza," de Manatí, perteneciente á la demarcación de aquel Registro, la inscribió el Registrador en veinte y nueve de Junio último, aunque con defecto subsanable de no constar si Mr. Edwin Waterhouse, al otorgar el poder reseñado á Mr. Richard Silerrad Brown, en su carácter de liquidador de la sociedad "Colonial Company Limited," de Londres, estaba facultado expresamente por los socios que formaban dicha compañía para celebrar el contrato de cesión que comprende el expresado documento y que presentado después al de esta Capital con igual objeto por lo que se refiere á la cesión de otro crédito hipotecario sobre la Factoría Central de Canóvanas y á la venta de las estancias "Santa Catalina" y "Las Mercedes," de su respectiva demarcación, la denegó el Registrador según nota puesta al pie de la misma escritura por haberla denegado anteriormente á virtud de otra copia del mismo título por el defecto insubsanable de no resultar que el referido liquidador de la sociedad Colonial Company Limited, Mr. Edwin Waterhouse, que con tal carácter confería poder á Mr. Richard Silerrad Brown, estuviese facultado para la cesión y venta que dicho documento comprendía, no siendo tampoco bastante el poder antes citado.—Resultando: Que notificada la negativa del Registrador á Don Julio S. Nin, presentante de dicho documento, en treinta de Agosto último, como no se presen-

tara á recogerlo, lo remitió el Registrador á este Tribunal dentro de los dos días siguientes, á los efectos de la Orden General número 99, compareciendo el mismo día el Licenciado Don Hilario Cuevillas Hernández á nombre de la Compañía Colonial Limitada de Londres, en liquidación, alegando por escrito lo que estimó conveniente á su derecho y pidiendo que en su día se declarara inscribible dicha escritura y se ordenara al Registrador su inscripción en el Registro de la Propiedad.—Resultando:   De los antecedentes que obraban en la Secretaría de este Tribunal y que por acuerdo del mismo se han agregado á este expediente, que, interpuesto recurso gubernativo por el referido Letrado á nombre de la "New Colonial Company Limited de Londres" en trece de Agosto último contra la negativa del Registrador de esta Capital á inscribir la escritura de que se trata, este Tribunal por auto de veinte del mismo mes declaró no haber lugar á admitir dicho recurso por no haber sido presentado dentro del término que para el efecto prescribe la Orden General número 99.   Vistos los artículos 6º y 65 de la Ley Hipotecaria y 110 del Reglamento y las resoluciones de la Dirección General de veinte y uno de Julio de mil ochocientos sesenta y tres, veinte y nueve de Julio de mil ochocientos sesenta y seis y treinta de Marzo de mil ochocientos noventa y ocho.—Considerando:   Que si bien la negativa ·del Registrador de la Propiedad de esta Capital á inscribir la escritura de catorce de Abril últímo, quedó firme en el orden gubernativo para la "New Colonial Company Limited," por no haber interpuesto contra ella en tiempo el recurso gubernativo correspondiente, por cuyo motivo declaró esta Sala no haber lugar á admitírselo, no así para la extinguida Compañía Colonial de Londres que hoy lo interpone toda vez que dicho recurso no fué resuelto definitivamente en el fondo y que con el carácter de vendedora que tiene en la escritura de que se trata le asiste el mismo derecho que á la otra parte adquirente para pedir su inscripción en el Registro de la Propiedad, con arreglo al artículo 6º de la Ley

Hipotecaria que se lo reconoce expresamente y para entablar en su caso contra la negativa del Registrador los recursos que fueran procedentes.—Considerando : En cuanto al fondo del presente recurso, que limitado como lo está el poder conferido por el liquidador de la extinguida Compañía Colonial de Londres, Mr. Edwin Waterhouse á Mr. Richard Silerrad Brown, para traspasar á la New Colonial Company Limited las propiedades y créditos hipotecarios relacionados en el expresado poder y para ponerla en posesión de los mismos, como lo estaba la sociedad extinguida, y el de los representantes de la New Colonial Company Limited á Mr. William Shand Marr, para recibirlos y ponerse en posesión de ellos, no han podido, sin extralimitarse de las atribuciones que respectivamente les estaban conferidas, otorgar la escritura de catorce de Abril último, por la que el apoderado del liquidador de la Compañía Colonial traspasa la propiedad de los bienes y créditos relacionados en la misma á la New Colonial Company Limited, por precio que declara haber recibido la primera de dichas sociedades de la segunda, en la forma que tenían convenido entre ambos, lo que implica realmente un contrato de compra-venta para el que ninguno de los dos apoderados estaba autorizado por sus respectivos poderdantes ; y por consiguiente que habiéndose otorgado la escritura de que se trata por los apoderados de una y otra sociedad con extralimitación de sus atribuciones, no es válida la venta que dicha escritura comprende y no puede inscribirse en el Registro de la Propiedad por el defecto insubsanable de que adolece con arreglo á los artículos 65 de la Ley Hipotecaria y 110 del Reglamento y 1,714, 1,719 y 1,727 del nuevo Código Civil.—Considerando : Que la expresada escritura adolece además del defecto de no constar en ella comprobado que el liquidador de la Compañía Colonial estuviera autorizado por los socios que la componen para disponer de los bienes inmuebles y créditos hipotecarios que forman parte del activo de dicha sociedad, ó que por su carácter de tal liquidador estuviera autorizado por las leyes vigentes en

Inglaterra para verificarlo sin acuerdo ó consentimiento de los socios; extremos ambos que á la parte interesada incumbía acreditar de una manera adecuada y conveniente y que no habiéndolo hecho, constituye esta deficiencia de la escritura otro defecto que no permite juzgar definitivamente sobre la capacidad del liquidador y que por lo mismo sólo debe calificarse de subsanable, con arreglo á la doctrina sentada por la Dirección General en sus resoluciones de veinte y uno de Julio de mil ochocientos sesenta y tres y veinte y nueve de Julio de mil ochocientos sesenta y seis y treinta de Marzo de mil ochocientos noventa y ocho.—Se confirma la nota puesta por el Registrador de la Propiedad de esta Capital al pie de la escritura que motiva el presente recurso, en cuanto por ella se declara no ser ésta inscribible en el Registro de la Propiedad, por el defecto insubsanable de no ser bastante el poder otorgado por el liquidador de la extinguida Compañía Colonial de Londres, Mr. Edwin Waterhouse á Mr. Richard Silerrad Brown, para otorgar el contrato de venta y cesión de créditos hipotecarios que dicha escritura contiene; y se revoca en los demás, declarándose que el otro defecto de que adolece la escritura de no constar en ella acreditado convenientemente que el liquidador de la expresada compañía estuviera autorizado por los socios que la componen ó por las leyes vigentes en Inglaterra, para disponer de los bienes inmuebles y créditos hipotecarios que forman parte del activo de dicha sociedad, sólo constituye un defecto subsanable. Y devuélvase al Registrador de la Propiedad de esta Capital la escritura de catorce de Abril último que ha dado motivo á este recurso, con copia certificada de la presente resolución, que se publicará en la *Gaceta Oficial* á los efectos procedentes.—Lo proveyeron y firman los Sres. del Tribunal, de que certifico.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Rafael Nieto Abeillé.—Louis Sulzbacher.—A. J.—E. de J. López Gaztambide, *Secretario.*